IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIK JONES, #Y19291, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 18-cv-02173-SMY<br>) |
| JOHN DOE *Internal Affairs Officer*,<br>NURSE JANE DOE, *Mental Health Personnel*,<br>JACQUELINE LASHBROOK,<br>JOHN DOE, *Gallery Officer First Shift*,<br>JOHN DOE, *Gallery Officer Second Shift*,<br>and JOHN DOE, *Gallery Officer*, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Malik Jones, an inmate of the Illinois Department of Corrections ("IDOC"), brings this *pro se* action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that occurred while he was incarcerated at Menard Correctional Center ("Menard"). He asserts a failure to protect claim under the Eighth Amendment and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in his Complaint: On January 31, 2017, Plaintiff was transferred from the Cook County Jail to Stateville Correctional Center ("Stateville"). (Doc. 1, p. 5). While at Stateville, John Doe Internal Affairs Officer informed Plaintiff that a family member of the victim in his case was incarcerated at Menard Correctional Center ("Menard"). *Id*. Plaintiff told the Officer that he had been in protective custody in the county jail because he feared for his life and requested protective custody at any institution where he would be incarcerated. *Id.*

On February 15, 2017, Plaintiff was transferred to Menard. *Id*. Upon arrival, Plaintiff notified a prison official that he wanted to sign into protective custody. (Doc. 1, p. 5). He stated he feared for his safety because the victim in his case was a gang member, the gang wanted to retaliate against him, and a family member of the victim was incarcerated at Menard. (Doc. 1, pp. 5-6). He was advised to tell staff at intake. (Doc. 1, p. 6). At intake, Plaintiff spoke with Nurse Jane Doe, explained the situation, and requested protective custody. *Id*. He was told he would have to see Internal Affairs. *Id*.

Plaintiff was assigned to West cellhouse and upon arrival, notified John Doe gallery officer (first shift) that he was requesting protective custody. *Id*. He explained that he feared for his life because the victim in his case was a gang member, the gang wanted to retaliate against him, and a family member of the victim was incarcerated at Menard. *Id*. The gallery officer told him to get his stuff and get in the cell. *Id*.

During the next shift, Plaintiff informed John Doe gallery officer (second shift) that he was requesting protective custody. (Doc. 1, pp. 6-7). Again, he explained that he feared for his life because the victim in his case was a gang member, the gang wanted to retaliate against him, and a family member of the victim was incarcerated at Menard. (Doc. 1, p. 7).

On February 16, 2017, Plaintiff filed an emergency grievance with the Warden requesting placement in protective custody.[1] (Doc. 1, p. 10). He did not receive a response. *Id*. Plaintiff also wrote to mental health personnel and a counselor advising them he feared for his life, explaining his situation, and requesting protective custody. (Doc. 1, p. 7). He did not receive a response. *Id*. On February 20, 2017, Plaintiff again wrote to mental health personnel and a counselor advising them he needed protective custody. *Id*.

On February 23, 2017, Plaintiff told John Doe gallery officer that he needed protective custody. *Id*. The gallery officer told him to stop asking about protective custody and to call his family and tell them about the situation. *Id*. Later that day, while waiting in line to call his family, two inmates approached Plaintiff from behind and started punching and kicking him in his head, face, and back. *Id*. They continued to kick him after he fell to the ground. *Id*. Plaintiff suffered injuries to his lip and back. *Id*.

Based on the allegations of the Complaint, the Court designates the following single Count:

Count 1:   Defendants failed to protect Plaintiff from a substantial risk of serious harm in violation of the Eighth Amendment.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion regarding its merit. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[2]

---

[1] He filed a second emergency grievance on March 30, 2017. (Doc. 1, p. 10).

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Discussion**

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz,* 680 F.3d 984 (7th Cir. 2012). Prison officials have a constitutional duty to "take reasonable measures to guarantee the safety" of prisoners and protect them "from violence at the hands of other prisoners." *Brown*, 398 F.3d at 909. To state a failure to protect claim, a prisoner must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm, and (2) defendant(s) "acted with deliberate indifference to that risk." *Id*.

According to the Complaint, the internal affairs officer informed Plaintiff of the danger at Menard. Despite that information and Plaintiff's request for protective custody, this officer did nothing to ensure that Plaintiff was not transferred to Menard and/or make arrangements for Plaintiff to be placed in protective custody. Upon his arrival at Menard and numerous times over the next eight days, Plaintiff reported a threat posed by gang members and the victim's family member to prison officials and requested protective custody. He made these reports and requests to Nurse Jane Doe Mental Health Personnel, Warden Lashbrook, John Doe Gallery Officer First Shift, John Doe Gallery Officer Second Shift, and John Doe Gallery Officer but none of them acted prior to the attack on Plaintiff. Based on these allegations, the Complaint states a colorable failure to protect claim against Defendants and will receive further review.

**Dismissal of Official Capacity Claims**

Plaintiff sues Defendants in their individual and official capacities but seeks only monetary damages. When a plaintiff seeks monetary damages against a state official, he must bring the suit

against the official in his or her individual capacity. *See Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against the unidentified defendants will be dismissed with prejudice. However, the official capacity claim against Warden Lashbrook will not be dismissed at this time because she is an appropriate official capacity defendant for purposes of responding to discovery aimed at identifying the unknown defendants.

**Identification of Unknown Defendant or Defendants**

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). As previously noted, Warden Lashbrook will respond to discovery aimed at identifying the unknown defendants associated with Menard. The Court will also add Sherwin Miles, the Acting Warden of Stateville, in his official capacity, to the docket for the purpose of responding to discovery aimed at identifying the unknown internal affairs officer at Stateville. Guidelines for discovery will be established by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **JOHN DOE** *Internal Affairs Officer*, **NURSE JANE DOE**, *Mental Health Personnel*, **JACQUELINE LASHBROOK**, **JOHN DOE**, *Gallery Officer First Shift*, **JOHN DOE**, *Gallery Officer Second Shift*, and **JOHN DOE**, *Gallery Officer*.

The Clerk of the Court is **DIRECTED** to add **SHERWIN MILES**, the Acting Warden of Stateville, to the docket (official capacity only) for the purpose of responding to discovery aimed at identifying the unknown internal affairs officer at Stateville.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **LASHBROOK** (official and individual capacity) and **MILES** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendants **JOHN DOE** *Internal Affairs Officer*, **NURSE JANE DOE**, *Mental Health Personnel*, **JOHN DOE**, *Gallery Officer First Shift*, **JOHN DOE**, *Gallery Officer Second Shift*, and **JOHN DOE**, *Gallery Officer* until such time as Plaintiff has identified him or her by name in a properly filed amended Complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for this individual.

With the exception of Defendant Miles, Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42

U.S.C. § 1997e(g).

**MILES** is **ORDERED** to timely enter his appearance. **MILES**, however, <u>does not need to file an Answer or other responsive pleading</u>. Once **MILES** enters his appearance, the Court will enter a discovery order setting guidelines for identifying the unknown defendants. **MILES** will be responsible for responding to discovery requests aimed at identifying the unknown Stateville defendant propounded in accord with this discovery order.

This entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 21, 2019**

                                                  **s/ Staci M. Yandle**
                                                  **STACI M. YANDLE**
                                                  **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**