IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIK JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cv-2173-SMY-RJD |
| ) | |
| JOHN DOE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 34). Defendants did not file a response. For the reasons set forth below, the motion is **GRANTED**.

Plaintiff, an inmate in the custody of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983. Plaintiff alleges that, during his incarceration at Menard Correctional Center ("Menard"), Defendants failed to protect him from attack by other inmates. Following threshold review, Plaintiff was allowed to proceed against John Doe (Internal Affairs Officer), Nurse Jane Doe (Mental Health Personnel), Jacqueline Lashbrook, John Doe (Gallery Officer First Shift), John Doe (Gallery Officer Second Shift), and John Doe (Gallery Officer), on the following claim:

> Count 1: Defendants failed to protect Plaintiff from a substantial risk of serious harm in violation of the Eighth Amendment.

Plaintiff seeks leave to amend his complaint to identify four of the John/Jane Doe Defendants. Plaintiff's proposed amended complaint does not add any new claims.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that

leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

The Amended Complaint identifies four previously named John/Jane Doe Defendants. Plaintiff's claim set forth in the proposed amended complaint has previously been screened pursuant to 28 U.S.C. § 1915A. Plaintiff's request to amend the complaint is timely and does not cause undue delay. Defendants do not object to the motion to amend and will not be unfairly surprised or prejudiced.

For the foregoing reasons, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 34) is **GRANTED**. The Clerk of Court is **DIRECTED** to file Plaintiff's proposed amended complaint as the First Amended Complaint.

Plaintiff is currently proceeding on the follow claim:

**Count 1:** Defendants Furlow, Butler, Barlow, Purdom, Lashbrook, and John Doe failed to protect Plaintiff from a substantial risk of serious harm in violation of the Eighth Amendment.

The Clerk of Court shall prepare for **Sean Furlow, Ms. Butler (Mental Health Personnel), Skyler W. Barlow, and Matthew J. Purdom**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and a copy of

this Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the remaining unknown **John Doe**, *Third Shift Gallery Officer*, until such time as Plaintiff has identified him or her by name in a properly filed amended Complaint.

**IT IS SO ORDERED.**

**DATED:** October 17, 2019

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**