# UNITED STATES DISTRICT COURT

### for the
### Southern District of Illinois

Malik Jones #Y-19291

_____
_____
_____

*Plaintiff(s)/Petitioner(s)*

v.

Sean Furlow Internal Affairs officer
Ms. Butler Mental Health Personnel
officer Skyler W. Barlow officer
Matthew J. Purdom, Warden

*Defendant(s)/Respondent(s)*

Jacqueline Lashbrook and John Doe
Third shift gallery officer

)
)
)
)
)
)
)
)
)
)
)
)
)

Case Number: 18cv02173-SMY

*(Clerk's Office will provide)*

☒ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)

☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)

☐ CIVIL COMPLAINT
pursuant to the Federal Tort Claims Act, 28 U.S.C.
§§1346, 2671-2680, or other law

## I. JURISDICTION 28 USC 1331

### AMENDED COMPLAINT

Plaintiff:

A. Plaintiff's mailing address, register number, and present place of confinement.

P.o. Box 99 Pontiac, Il 61764
Malik Jones #Y-19291
Pontiac Correctional Center

**Defendant #1:**

B. Defendant  Sean Furlow  is employed as
   (a)    (Name of First Defendant)

   Internal Affair officer/staff
   (b)    (Position/Title)

   with  Department of Corrections
   (c)    (Employer's Name and Address)

   _____

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? ☒ Yes  ☐ No

If your answer is YES, briefly explain:

State worker - Stateville Correctional Center

**Defendant #2:**

C.   Defendant ___Butler_____ is employed as

(Name of Second Defendant)

___Mental Health Personnel_____

(Position/ Title)

with ___Department of Corrections_____

(Employer's Name and Address)

___711 Kaskaskia Street, Menard, Il 62259_____

At the time the claim(s) alleged in this complaint arose, was Defendant #2
employed by the state, local, or federal government?   ☒ Yes   ☐ No

If you answer is YES, briefly explain:

State worker — Mental Health Personnel

**Additional Defendant(s) (if any):**

D.   Using the outline set forth above, identify any additional Defendant(s).

Skyler W. Barlow - officer - state worker - Department of
Corrections - 711 Kaskaskia Street, Menard, Il 62259

Matthew J. Purdom - officer - state worker - Department of
Corrections - 711 Kaskaskia Street, Menard, Il 62259

Jacqueline Lashbrook - Warden - state worker - Department of
Corrections - 711 Kaskaskia Street, Menard, Il 62259

John Doe - officer - state worker - Department of Corrections
711 Kaskaskia Street, Menard, Il 62259

## II.    PREVIOUS LAWSUITS

A.    Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law:    ☐ Yes  ☒ No

B.    If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.   You must list ALL lawsuits in any jurisdiction, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)). FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.    Parties to previous lawsuits:
Plaintiff(s):


Defendant(s):


2.    Court (if federal court, name of the district; if state court, name of the county):

3.    Docket number:

4.    Name of Judge to whom case was assigned:

5.    Type of case (for example: Was it a habeas corpus or civil rights action?):

6.    Disposition of case (for example: Was the case dismissed?  Was it appealed?  Is it still pending?):


7.    Approximate date of filing lawsuit:

8.    Approximate date of disposition:

9.    Was the case dismissed as being frivolous, malicious, or for failure to
      state a claim upon which relief may be granted and/or did the court
      tell you that you are strike and or

III.    **GRIEVANCE PROCEDURE**

A.    Is there a prisoner grievance procedure in the institution? ☒ Yes    ☐ No

B.    Did you present the facts relating to your complaint in the prisoner
      grievance procedure?                                    ☒ Yes    ☐ No

C.    If your answer is YES,
      1.    What steps did you take?

      "Emergency Grievance"

      2.    What was the result?

      denied

D.    If your answer is NO, explain why not.

E.    If there is no prisoner grievance procedure in the institution, did you
      complain to prison authorities?                         ☐ Yes    ☐ No

F.    If your answer is YES,
      1.    What steps did you take?

      2.    What was the result?

G.    If your answer is NO, explain why not.

H.    Attach copies of your request for an administrative remedy and any
      response you received.  If you cannot do so, explain why not:

## IV.    STATEMENT OF CLAIM

A.    State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

1. I was transferred to Stateville Correctional Center, from the Cook County Jail on January 31, 2017.

2. While at Stateville prison I was seen by Sean Furlow from the Internal Affairs Department. During that interview, the Internal Affairs Officer/staff informed me that they had been notified that the victim in my case had a family member in Menard Correctional Center.

3. I told the Internal Affairs office/staff that whatever prison they send me to I wanted to sign into protective custody. I also told him while I was in the County jail, I was in protective custody because I am in fear for my life

4. On 2-15-17 I was transferred from Stateville prison to the Menard Correctional Center, When I arrived at Menard I immediately told the officer who was standing by the bus, that I wanted to sign into protective custody because I feared for my safety because the victim in my case was a gang member and they wanted to retaliate against me and he also has a family member here at Menard. I was told to let the staff know this when I get to intake.

See attached pages

## V.   REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C.

1,000,000 from each named defendant in compensatory damages and 1,000,000 from each names defendant in punitive damages

## VI.   JURY DEMAND (*check one box below*)

The plaintiff ☑ does  ☐ does not request a trial by jury.


## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.


Signed
on: _____          _____
          (date)                      Signature of Plaintiff

                                       Malik Jones
_____               _____
     Street Address                      Printed Name

                                        Y19291
_____               _____
     City, State, Zip                  Prisoner Register Number


                   _____
                   Signature of Attorney (if any)

5. When I went into the West cellhouse where intake was, I was seen by a mental health personnel named Ms. Butler and I told her about my situation and that I wanted to sign into protective custody. I was told by the mental health personnel that I would have to see Internal Affairs because they could not help me with my request.

6. After seeing the mental health person, I was assigned to West cellhouse (cell 1-25). I immediately upon my arrival told officer Skyler W. Barlow (3 to 11 shift) that I wanted to sign into protective custody because I feared for my life because the victim in my case was a gang member and they want to retaliate against me and he also has a family member here at Menard. The officer told me to get my stuff and get in that cell.

—8—

7. Again on the next shift (11 to 7) I informed the gallery officer that I wanted to sign into protective custody because I feared for my safety because the victim in my case was a gang member and they want to retaliate against me and he also has a family member here at Menard.

8. I wrote mental health and counselor Jason Vasquez letting them know I feared for my life and needed to sign into protective custody. I explained my situation to them completely, I never received a response back.

9. Again on 2-20-17 I wrote another letter to mental health and the counselor letting them know I needed to sign into protective custody.

—9—

10. On 2-23-17 I told my gallery officer, Matthew J. Purdom that I needed protective custody and he said that I needed to stop asking about P.C. And when they let us out to go to the yard, I should go call my family and tell them about it.

11. On 2-23-17 I went to the yard to call my family and notify them about the situation and while waiting in line to use the phone two inmates approached from behind me and started punching and kicking me in my face, head and back. And when I fell to the ground they continued to attack me.

12. I suffered an injury to my lip and my back was reinjuried. I had been previously shot in the back and in the attack, my back was reinjuried from being repeatedly kicked in my back area. I now suffer regular back pains.

— 10 —

13. Sean Furlow  Internal Affairs officer/ staff is being sued in his individual capacity, for acting deliberately indifferent to plaintiff's protective custody needs by failing to notify staff in Menard that plaintiff needed to be placed in protective custody upon arrival and for failing to sign plaintiff into protective custody while at Stateville — to ensure plaintiff would have been transferred from protective custody in Stateville to protective custody in Menard automatically. Also, for failing to inform the appropriate administrative staff that it would be dangerous to transfer plaintiff to the Menard Correctional Center because plaintiff's victim had a family member there in Menard. And as a direct result of Sean Furlow actions plaintiff was attacked and suffered injuries to his lip and back areas. Paragraph 1 through 12 is being incorporated with this paragraph.

-11-

14. Ms. Butler is being sued in her individual capacity for acting deliberately indifferent to plaintiff's protective custody request and needs. Ms. Butler mental health personnel was informed by plaintiff of his protective custody needs and they failed to inform the appropriate staff about plaintiff's request for protective custody. And as a direct result of her failure to act plaintiff was attacked and suffered injuries to his lip and back areas, Paragraphs 1 through 13 is incorporated with this paragraph.

15. Skler W. Barlow is being sued in his individual capacity for acting deliberately indifferent to plaintiff's protective custody needs and request. When plaintiff arrived at the West cellhouse one gallery, plaintiff immediately informed the gallery officer that he needed protective custody because the victim in his case was a gang member

and they want to retaliate against
plaintiff and also the victim had a family
member in Menard. Plaintiff's request
was ignored. And as a direct result
plaintiff was attacked and suffered
injuries to his lip and back areas.
Paragraph 1 through 14 is incorporated
with this paragraph.

16. Warden Jacqueline Lashbrook is
being sued in her individual capacity,
for acting deliberately indifferent to
plaintiff's protective custody request
and needs. Plaintiff filed an "Emergency"
grievance on 2-16-17 to the Warden's
office requesting to be placed in protective
custody, said grievance was ignored and
never responded to. And as a direct
result of this plaintiff was attacked
and suffered injuries to his lip and back
areas. Paragraph 1 through 16 is being
incorporated with this paragraph.

-13-

17. Matthew J. Purdom one gallery officer for West cellhouse on 2-23-17 is being sued in his individual capacity for acting deliberately indifferent to plaintiff's protective custody request and needs. Plaintiff made repeated requests for protective custody that were ignored. And as a direct result plaintiff was attacked and suffered injuries to his lip and back areas. Paragraph 1 through 17 is being incorporated with this paragraph.

18. Plaintiff did write two "Emergency" grievances, one on 2-16-17 and the other on 3-30-17. Both grievances were sent to the Warden in Menard Correctional Center and ultimately exhausted.

-14-

Ehibit A

A.R.B                                    6/17/18

1   Filed these exact same grievances in
menard a year ago. I have not recieved
any response for either grievance. I've waited
over a year could you Please respond
Please & thank you.

                    Malik Jones  Y19291
                    P.O. Box 112.
                    Joliet Il 60434
                    Stateville C.C.

RECEIVED
JUN 1 9 2018
ADMINISTRATIVE
REVIEW BOARD

ILLINOIS DEPARTMENT OF CORRECTIONS

*Exhibit B*

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: _Jones_ _____ _Malik_ _____ ____ _Y19291_
          Last Name          First Name          MI          ID#

Facility: _Pontiac_ _____

☑ Grievance: Facility Grievance # (if applicable) _____ Dated: _3/30/17_  _2/16/17_  or ☐ Correspondence: Dated: _____

Received: _6/19/18_ Regarding: _Safety & PC @ Menard_ _____
          Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
                                      Office of Inmate Issues
                                      1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Administrative Transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☑ This office previously addressed this issue on _5/11/17_
                                              Date

☑ No justification provided for additional consideration.

**Other** (specify): _____

_____

Completed by: _Debbie Knauer_          _Debbie Knauer_          _7/10/18_
              Print Name                  Signature               Date

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

Exhibit A

| Date: 03/30/17 | Offender: (Please Print) MaliK Jones | ID#: Y19291 |
|---|---|---|
| Present Facility: Menard C.C. | Facility where grievance issue occurred: MENARD C.C. | |

**NATURE OF GRIEVANCE:**

| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ ADA Disability Accommodation |
|---|---|---|---|
| ☒ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☒ Other (specify) _____ Failure to protect |
| ☐ Disciplinary Report | ___/___/___ Date of Report | | Facility where issued |

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): on 2.28.17 while on the west yard in menard cc i was attacked By two inmates who Assaulted me Repeatedly. Prior to this incident taking place i did everything i could to let staff at menard know that i needed protective custody. If Internal Affairs would have done a proper investigation i would of never been put into this situation. When i arrived from Cook county jail to stateville to begin my sentence i spoke to I.A. at stateville who let me know that they was aware that the victim on my case had family in menard that would want to harm me out of Retaliation for killing one of ___ their family members I Also let Internal Affairs know that i was in the →

Relief Requested: I want the names of the officers that denied me protective custody. As well as the Counselors and mental health staff who denied me.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Malik Jo___ Offender's Signature          Y19291    3, 30, 17
                                          ID#       Date

(Continue on reverse side if necessary)

RECEIVED
JUN 1 3 2018
ADMINISTRATIVE REVIEW BOARD

| **Counselor's Response (if applicable)** | |
|---|---|
| Date Received: ___/___/___ | ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | ___/___/___ Date of Response |
|---|---|---|

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance   ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | ___/___/___ Date |
|---|---|

protective costody unit while i was in the county Jail and i let them
know that whatever prison they send me to i want to sign myself
into protective costody ON 2.15.17 i was sent to (menard C.C.)
as i was getting off the bus I let officer know that i wanted
to sign myself into protective costody because i feared for my
Softey. I was told that i need to let the staff know at intake
process know this when i got into the Building i spoke with
mental health and they said they couldn't help me because
Internal Affairs deal with these type of Issues. Internal Affiars
never spoke to me at all. They was suppose to see me my first
week in the insitution but they never came. After intake i was
sent to the west cell house (cell 1.25) I TOLD the first shift and
second shift officers who were assigned to the gallery that
i wanted to sign myself into protective costody. Both officees
denied me. I wrote to Mental health and the counselor
letting them know that i fear for my life and people where
out to kill me. I Recieved no Response. I wrote mental
health and the counselor agin on 2.20.17 But got no eespose
on 2.23.17 i told the gallery officer that i need protective
costody and he said that "i need to stop Asking about p.c.
they let us out to use the yard and i needed to call my family
while waiting on the phone 2 inmates come up behind
me and started punching and kicking me in my face and head
Area. I fell to the ground to protect myself while they kept
on Assulting me. After the Assult i was placed into
segregation for a fight when i never punched anyone one!
If you look at my ticket you will see that the officer
who wrote the ticket never saw me throw a punch i
was on the ground the whole time menard's Administratio
are trying to conceal an Assult because they know they
Failed to protect me.

I want the names of All the
staff that was present on the
gallery the day's before my Assult
that Denied me protective costody
As well As the counselors and
me nal health staff.

Exhibit D

## OFFENDER'S GRIEVANCE

| Date: 2-16-2017 | Offender: (Please Print) Malik Jones | ID#: 419291 |
|---|---|---|

| Present Facility: Menard C. Center | Facility where grievance issue occurred: MENARD Correctional C |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ____/____/____
  Date of Report                Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

When I Arived on the Prisoner Transfer bus In Menard Correctional Center officials Constody I Immediately Notified the officers, I Fear For my life, MY Cook county States Attorney has assured me You all are noticed that I need Protective coustody do to my Crimnal conviction in which I Murderd a Person, their gang friends will wont to retaliate, I need Protective Coustody the transport officers denied my request once we arrived to menard I also notified Several other Correctional officers, I Fear For my life I Need Protective Coustody the Correctionl

Relief Requested: _____ Flip Page over for relief

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Malik (signature)_                              419291      2, 16, 2017
Offender's Signature                            ID#

RECEIVED
JUN 1 9 2018
ADMINISTRATIVE
REVIEW BOARD

(Continue on reverse side if necessary)

| Counselor's Response (if applicable) |
|---|

Date Received: ____/____/____    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

| EMERGENCY REVIEW |
|---|

Date Received: ____/____/____    Is this determined to be of an emergency nature?    [ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | Date |
|---|---|

officers in Menard west cell house ignored my complaint also according to Illinois Department of Corrections offender grievance Process this hereabout Complain is render a emergency grievance which goes directly to the Menard Warden, do to my life IS IN RISK and I'm Immediatly requesting Protective coustady Do to I Fear For my LIFE IN Menard general Population

relif° Immediatly removed From general Population and Place'd Safely In Protecive Coustady I Fear For my life.

*Exhibit E*

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 3/23/17 | Offender: (Please Print) Malik Jones | IDs: V19291 |
| --- | --- | --- |

| Present Facility: Menard | Facility where grievance issue occurred: Menard |
| --- | --- |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☑ Other (specify): "Safety"
- ☐ Disciplinary Report: _____ / _____ / _____
      Date of Report

CRUEL & unusual Punishment
Deliberate INDIFFerence
Failure to Protect

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including what happened, when and where it happened, and the name or identifying information for each person involved): On Feb 23, 2017, I was on the yard (west houses) on morning shift waiting to use the phone when an inmate approached me saying "do name gucci right, you don't remember me" and then he just attacked me with his fist and then another inmate began to attack me. I tried to run but I slipped and fell an both inmates began to kick and stomp my head & body. I attempted to get up and I felt an sharp object poke me in my face under my lip. I then balled up to try and protect myself. For about 8 mins I got stomped and kicked not one did I throw a punch. When I heard clo's yelling stop they still kicked an stomped me →

**Relief Requested:** "Proper investigation" &
To be compensated in Monetary Damages Due to my injuries

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| M Jones | V19291 | 3 / 23 / 17 |
| --- | --- | --- |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)

| Date Received: _____ / _____ / _____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| --- | --- | --- |

Response: _____

APR 2 5 2017
ADMINISTRATIVE
REVIEW BOARD

| Print Counselor's Name | Counselor's Signature | Date of Response |
| --- | --- | --- |

---

**EMERGENCY REVIEW**

| Date Received: _____ / _____ / _____ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
| --- | --- | --- |

| Chief Administrative Officer's Signature | Date |
| --- | --- |

Distribution: Master File; Offender

Page 1

DOC 0046 (8/2012)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board**
**Return of Grievance or Correspondence**

Offender: _Jones_ _Malik_ _____ MI _Y19291_
              Last Name          First Name                      ID#

Facility: _PON_

☐ Grievance: Facility Grievance # (if applicable) _____ Dated: _3/23/17_ or ☐ Correspondence: Dated: _____
Received: _4/25/17_ Regarding: _Safety - attached. on yard PC_
              Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
                                                                          Office of Inmate Issues
                                                                          1301 Concordia Court, Springfield, IL  62794-9277

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to:  Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL  62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Administrative Transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
                                                    Date

☒ No justification provided for additional consideration.

Other (specify): _Offender was PC at Menard from 3/23/17 - 5/10/17_
_and then transferred to PON. DR for fighting on 2/23/17_

Completed by: _____Melissa Phoenix_____ _Melissa Phoenix_ _5/11/17_
                        Print Name                            Signature            Date

Distribution:  Offender
               Inmate Issues

*Printed on Recycled Paper*

DOC 0070 (Rev.5/2017)

Exhibit F

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

When c/o's did arrive I was in a fetal position and couldn't breathe they then cuffed me and took me to medical where two nurse told me I was fine After I told them About my back, head, & neck pains & how the bullet in my lower back was hurting & was not even checked about my pain. I then mentioned the sharp object in my face she told me its not a stab wound because it didn't go all the way through yet there is a hole under my lip & bleeding & blood inside my mouth bottom lip. I recieved no bandaids, wipes or pain medication for my back, neck & head. I was walked to seg and thrown in a cell with no sheets, tissue, soap, or any thing to clean the blood off my face & bloody shirt. I was sent to the hearing board Feb. 28. 2017 for a ticket for fighting where I stated I never swung back and I was stabbed the guy hearing my ticket told me "Shut up & deal with it I'm only giving you 30 days" They placed me back in my cell for 14 days I had no property or proper hygiene/cell necessities. I was around dust and dirt. I Asked All gallery c/o's but none helped Prior to All this I warned c/o's that I need p.c. in west house & when I Arrived to Menard Feb 15.17 none helped. I told my 1st shift gallery officer (West house) & 2nd shift. I wrote counselor & mental Health About needing p.c. but no response. I even talk to T.A Furlow in N.R.C. because the courts warned them about my victim on my case having family members in Menard and they have a hit on me this same reason is why I was p.c. in Cook county. yet they still sent me to Menard. I was denied p.c. by my gallery officers saying that "I dont need p.c." until I got out of seg March 23, 2017. The filthy cell they had me in cause me to sneeze Alot and a sore throat. I never experienced anything like this And never been to prison before. this situation has coming caused me to be nervous and paranoid because they allowed these inmates to get me once and it could possibly happen Again.

1) My gallery officer in the West house I told I need P.C. was officer Edwards

2) I wrote Mental health Dr. Ms. Butler About My P.C. Needs

3) I told officer of Gang intel And sgt. Spiller of Gang intel. They ignored Me

4) I Also told counselor vasquez in west house About My issue & requested p.c. but he ignored My situation.

Jones v. Doe, et al. (18-2173) Document No.:          000013

4.17.17

ON this Grievance Form it says it issue is
About Protective Custody to the A.R.B
Board. (The incident is about P.C. And with
in 60 Days of the incident

Malik Jones #Y19291
Menard
P.O. Box 1000
Menard IL, 62259